UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER C. MUELLER, | Case No. 3:22-cv-00283-MK |
| Plaintiff, | ORDER |
| v. | |
| ZACK ACKLEY, Superintendent DRCI; MR. YBARRA; Grievance Coordinator DRCI; MS. CARTER, Health Services Manager, DRCI, | |
| Defendants. | |

KASUBHAI, Magistrate Judge.

Plaintiff, an inmate at the Deer Ridge Correctional Institution (DRCI), files this action pursuant to 42 U.S.C. § 1983 and alleges that DRCI officials exhibited deliberate indifference to his health and safety by refusing to reassign him from a top bunk and denying him medical treatment after he fell from the bunk and injured his knee.

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

- 1 -    ORDER

relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff's Complaint is deficient in several respects.

To state a civil rights claim under § 1983, plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor – such as a superintendent – is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights.

Plaintiff's Complaint does not identify the DRCI officials who refused to reassign him from a top bunk or the officials who denied him surgery and other medical treatment. Plaintiff names the DRCI Superintendent, Grievance Coordinator, and Health Services Manager as defendants without alleging facts suggesting that any of these officials were responsible for his bunk assignment or his medical treatment.

Further, "to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Allegedly inadequate medical treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. *Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). Further, where a prisoner alleges a delay in medical treatment, the delay must have led to "significant harm" in order for the prisoner to make a claim of deliberate indifference. *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).

Plaintiff's Complaint does not allege facts suggesting that any of the named defendants had the requisite culpable mental intent to establish deliberate indifference – that they knew of and deliberately disregarded an excessive risk to plaintiff's health and safety.

Plaintiff is allowed the opportunity to amend his allegations. If plaintiff intends to pursue this federal action, he must file an amended complaint and state: (1) the constitutional right plaintiff believes was violated; (2) the name or title of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. If plaintiff does not know the names of the individuals involved, he may name them as John Doe or Jane Doe defendants and seek to ascertain their identities through the discovery process if this action proceeds.

CONCLUSION

Within thirty days from the date of this Order, plaintiff must file an amended Complaint curing the deficiencies of his allegations as explained above. Plaintiff is advised that the failure to do so will result in dismissal of this action.

IT IS SO ORDERED.

DATED this 5th day of April 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
